# NO. 12-21-00094-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAKEDE DAVIS,* *APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *WOOD COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Rakede Davis appeals his conviction for a prohibited substance in a correctional facility. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with a prohibited substance in a correctional facility by intentionally and knowingly possessing a controlled substance, i.e., methamphetamine, while in the Wood County Jail, a third degree felony.[1] Appellant pleaded "not guilty," waived his right to a jury trial, and the case proceeded to a bench trial. At trial, Deputy Delton Graves, a Wood County Sheriff's deputy, stated that he was on patrol on February 18, 2019, when he made a traffic stop of a vehicle in which Appellant was the passenger. He located suspected narcotics underneath the driver's seat. Graves stated that this discovery led to his request to search Appellant. According to Graves, Appellant did not consent to the search and resisted by "actively attempt[ing] to pull away from [Deputy Graves] once [he] got one handcuff on

---

[1] *See* TEX. PENAL CODE ANN. § 38.11(d)(1), (g) (West Supp. 2021).

[Appellant] when [he] went to detain [Appellant.]" During the search, Graves removed an eyeglass holder, a red bandanna, and a red cloth from Appellant's front left jacket pocket. The bandanna and cloth were intertwined with a glass pipe commonly used to smoke methamphetamine. Graves did not see any residue coming from the bandanna or the cloth nor did he scrape any residue from the glass pipe even though it appeared to have been used. He arrested Appellant for possession of drug paraphernalia.

A former jailer with the Wood County Sheriff's Office testified that he recalled Appellant at the Wood County Jail. Appellant was strip searched in the bathroom by an officer, dressed in an orange jumpsuit, and escorted to a holding tank. The jailer searched Appellant's clothing and, after patting down Appellant's jacket, he felt something hard at the bottom of the seam or lining of the jacket. The jailer retrieved a glass pipe that was marked with a Batman logo and smiley face. According to the jailer, that glass pipe contained a white cloudy substance. Graves also testified that the second glass pipe had a crystal-like substance in it. A forensic scientist for the Texas Department of Public Safety Houston Crime Lab testified that the substances found in the glass pipe located in Appellant's jacket in the Wood County Jail contained 0.07 grams of methamphetamine.

Appellant testified that Graves removed two glass pipes from his jacket, one wrapped in an orange bandanna with a Batman logo and smiley face that the officer placed on the hood of the patrol vehicle. Appellant stated that Graves discovered another, second, glass pipe underneath the first glass pipe in a black case with a red bandanna. Appellant did not deny having contraband, but he denied that the contraband "[made] its way into" the Wood County Jail.

At the conclusion of the trial, the trial court adjudged Appellant "guilty" of possession of a prohibited substance in a correctional facility. After a sentencing hearing, the trial court assessed Appellant's punishment at four years of imprisonment, a $1,000.00 fine, court costs, and reimbursement fees.[2] However, the trial court ordered that Appellant's sentence be suspended and that he be placed on community supervision for three years. This appeal followed.

---

[2] *Id.* § 12.34 (West 2019). An individual adjudged guilty of a third degree felony shall be punished by imprisonment for any term of not more than ten years or less than two years and, in addition, a fine not to exceed $10,000.00. *Id.*

**ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA***

Appellant's counsel filed a brief in compliance with ***Anders*** and ***Gainous***, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3] We have reviewed the record for reversible error and have found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

**CONCLUSION**

As required by ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 22 S.W.3d at 408 n. 22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary

---

[3] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such brief has expired and no pro se brief has been filed.

review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 22 S.W.3d at 408 n. 22.

Opinion delivered April 14, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 14, 2022**

**NO. 12-21-00094-CR**

**RAKEDE DAVIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 24,130-2020)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*